UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SANTOS BORBOA,<br><br>    Defendant. | Case No. 22-cr-00337-BLF-1<br><br>**ORDER DENYING DEFENDANT'S *PRO SE* MOTION TO TERMINATE SUPERVISED RELEASE**<br><br>[Re: ECF 3] |

Defendant Santos Borboa ("Borboa"), proceeding *pro se*, has filed a motion for early termination of supervised release. *See* Mot., ECF 3. At the request of the Court, Plaintiff United States of America ("the Government") and the U.S. Probation Office ("Probation") have filed responses to the motion. Both the Government and Probation oppose early termination of supervised release. *See* Gov't Opp., ECF 6; Probation Letter, ECF 8.

Borboa's motion is DENIED for the reasons set forth below. The Court need not hold a hearing before denying a motion for early termination of supervised release. *See* Fed. R. Crim. P. 32.1(c)(1) (hearing required only if court is modifying conditions of supervised release); *United States v. Langenbach*, 848 F. App'x 356, 357 (9th Cir. 2021) (affirming district court's denial of motion for early termination of supervised release without a hearing).

**I.    BACKGROUND**

Borboa was convicted in the United States District Court for the Southern District of Iowa pursuant to his plea of guilty to Count 1, conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and Count 4, possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). *See* Transfer Docket, ECF 2-3. Borboa was

sentenced to a prison term of 228 months (168 months on Count 1 and 60 months on Count 4, to run consecutively); a supervised release term of 5 years (5 years on Count 1 and 5 years on Count 4, to run concurrently); and a special assessment of $200. *See id.* Judgment was entered on May 8, 2009. *See id.*

On August 6, 2015, Borboa's sentence on Count 1 was reduced from 168 months to 134 months pursuant to 18 U.S.C. § 3582 and Amendment 782, resulting in a reduction of his total prison term from 228 months to 194 months. *See* Transfer Docket, ECF 2-3; Probation Letter. The 5-year term of supervised relief was unchanged. *See* Transfer Docket; Probation Letter.

Borboa completed his prison term and commenced supervision on June 24, 2022. Jurisdiction was transferred to the United States District Court for the Northern District of California on September 7, 2022. *See* Trans. of Juris., ECF 1. Borboa has completed approximately 13 months of his 5-year supervised release term and is scheduled to terminate supervision on June 23, 2027. *See* Probation Letter.

Probation reports that Borboa is a 58 year old man who has maintained a stable residence in San Juan Bautista, California since his release from prison. *See* Probation Letter at 3. He has been employed at Taylor Farms in King City, California, as a tractor driver/laborer since his release, earning approximately $2,990 per month. *See id.* Borboa has paid his $200 special assessment and has complied with all conditions of supervised release. *See id.* He participated in a substance abuse evaluation on September 20, 2022. *See id.* On September 30, 2022, the treatment provider indicated that Borboa did not currently meet the criteria for substance abuse treatment. *See id.* Borboa has continued to test negative for illegal controlled substances through his most recent test on August 14, 2023. *See id.*

## II. LEGAL STANDARD

A district court may, after considering a specified subset of the sentencing factors enumerated in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district

2

court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). The Ninth Circuit clarified in *Ponce* that the district court need not find undue hardship or exceptional circumstances to terminate supervised release. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

Section 3583(e) identifies the following eight sentencing factors as relevant to the decision whether to terminate supervised release: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); (2) the need for the sentence "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); (3) the need for the sentence "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); (4) the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D); (5) "the kinds of sentence and the sentencing range established for" similar offenses, § 3553(a)(4); (6) "any pertinent policy statement" issued by the Sentencing Commission, § 3553(a)(5); (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6); and (8) "the need to provide restitution to any victims of the offense," § 3553(a)(7). *See* 18 U.S.C. § 3583(e). The district court need not discuss every statutory factor, but it must provide an explanation for its ruling that is sufficient to permit meaningful appellate review. *See Emmett*, 749 F.3d at 821.

### III.  DISCUSSION

Borboa asserts that the interest of justice would be served by granting him early termination of supervised release, pointing out that he has complied with all supervised release conditions, has stable housing and employment, and has served at least one year of his 5-year supervised release term.

Probation acknowledges that Borboa has been compliant with the conditions of supervised release and has made positive steps toward reintegration into society. *See* Probation Letter at 3. However, Probation points out that Borboa has not explained how continued supervision imposes a burden on him. *See id.* Moreover, Probation does not typically support early termination of

supervision in cases like this one, involving large drug or fraud conspiracies. *See id.* Probation notes that items seized from Borboa's residence included approximately 10 pounds of methamphetamine, more than $87,000 in U.S. currency, and a firearm with a loaded magazine. *See id.* at 2. Borboa was determined to be an organizer/leader/manager/supervisor. *See id.* Under these circumstances, Probation opposes early termination of supervision. *See id.* at 3.

The Government defers to Probation's recommendation in light of the Probation Officer's training and expertise, and first-hand interactions with Borboa. *See* Gov't Opp. at 3. The Government also expresses its view that although Borboa's compliance with supervised release conditions is an important data point, early termination is not warranted under the applicable factors. *See id.* at 5. The Government also suggests that the Court may be without authority to grant early termination where the defendant was sentenced to a mandatory minimum term of supervised release, as the Government asserts was the case here. *See id.* at 4.

Having considered the briefing and the relevant legal authorities, the Court finds that early termination of supervised release is not warranted. With respect to the Government's suggestion that the Court may not have authority to grant early termination, the Court finds that the cited cases are inconclusive. *See, e.g, United States v. Fluellen*, No. CR 09-497-1, 2022 WL 309159, at *9 n.6 (E.D. Pa. Feb. 2, 2022) ("As far as the court can discern, the issue of whether a district court can reduce a mandatory term of supervised release is undecided in [the Third Circuit."). The Sixth Circuit has held expressly that a district court may grant early termination of supervised release whether or not the supervised release term was imposed as a mandatory minimum term. *See United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994). The Court need not resolve the issue, because even assuming it has discretion to terminate Borboa's supervised release term, the Court declines to exercise that discretion here.

The Court acknowledges and commends Borboa's accomplishments since his release from prison, in particular maintaining a stable residence and stable employment, and passing all drug tests. However, the Court finds that several of the relevant § 3553(a) factors weigh against termination of supervision. With respect to "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the Court observes that

4

Borboa played a substantial role in a drug trafficking scheme that involved significant quantities of methamphetamine. While he has done well on supervision, prudence dictates continued supervision at this early stage of Borboa's supervised release term to ensure his continued success. Continued supervision also will aid in "afford[ing] adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B), and "protect[ing] the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C).

Borboa has not shown that continued supervision would impede his ability to maintain his employment and housing, or would interfere with any particular life goal. Weighing the important interests that would be served by continued supervision against the impact, if any, that continued supervision would have on Borboa, the Court finds that early termination of supervised release is not in the interest of justice.

Borboa's motion for early termination of supervised release is DENIED.

### IV. ORDER

(1) Defendant Borboa's motion for early termination of supervised release is DENIED.

(2) This order terminates ECF 3.

Dated: August 24, 2023

BETH LABSON FREEMAN
United States District Judge